IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| Kaidan J. Pack, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | CASE NO. 5:21-cv-0016 |
| Caprock Santa Fe Credit Union;<br>Experian Information Solutions, Inc., | DEMAND FOR JURY TRIAL |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Kaidan J. Pack (hereinafter "Plaintiff"), by and through his undersigned attorneys, by way of Complaint against Defendants, Caprock Santa Fe Credit Union ("Caprock") and Experian Information Solutions, Inc. ("Experian") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Kaidan J. Pack, is an adult citizen of the state of Texas, resident of Lubbock, TX.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Caprock is a credit union organized and existing under the laws of Texas that furnishes consumer credit information to consumer reporting agencies. It has its principal place of business located at 405 Railroad Avenue, Slaton, TX 79364.

5. Defendant Experian is a corporation organized and existing under the laws of Ohio that engages in the business of maintaining and reporting consumer credit information in the state of Texas. It has a registered office at 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provide that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because all defendants are residents of the state of Texas. Venue is also appropriate pursuant to 28 U.S.C. § (b)(2) because Plaintiff resides within this district and a substantial part of the events and omissions giving rise to the herein claims occurred within this district.

## FACTUAL ALLEGATIONS

8. The consumer report complained of is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

9. On or about April 3, 2019, Defendant Caprock issued to Plaintiff an installment purchase loan ending in 8424 to Plaintiff. On or about June 6, 2019, Defendant Caprock extended to Plaintiff a personal loan ending in 8425. Both accounts were routinely reported on Plaintiff's consumer credit report.

10. On June 5, 2020, Plaintiff filed a Chapter 7 bankruptcy petition before the United States Bankruptcy Court for the Northern District of Texas, case no. 20-bk-50110, including both the installment purchase loan and the personal loan within the debts scheduled for discharge.

11. Upon successful completion of all legal requirements, on September 24, 2020, the Bankruptcy Court granted Debtor a discharge of debts. Since neither the installment purchase loan nor the personal loan were reaffirmed by Plaintiff, said debts were duly discharged.

12. However, two months after the Discharge Order, Plaintiff's two Caprock accounts continued to be negatively reported.

13. In particular, in a requested credit report dated November 23, 2020, Plaintiff's two Caprock accounts were reported as follows: with a status of "Open" each; "Past Due 90 days" with a balance of "$4,471" for Account ending in 8424; and "Past due 60 days" and with a balance of "$1,613" for Account ending in 8425.

14. The trade line for each account was inaccurately reported. As evidenced by the Discharge Order and the bankruptcy schedules, both accounts were discharged in bankruptcy and must be reported as discharged with a balance of $0.00.

15. Via letter dated December 3, 2020, mailed to Defendant Experian on December 7, 2020, Plaintiff notified Defendants directly of a dispute on both Caprock accounts' completeness and/or accuracy.

16. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Caprock to the Consumer Reporting Agencies via mail, in accordance with 15 U.S.C. § 1681i of the FCRA.

17. On January 4, 2021, Plaintiff requested an updated credit report for review. The tradeline for the Caprock Account ending in 8424 now reflected accurately that it was "Discharged through Bankruptcy Chapter 7" and appeared with no balance. Account ending in 8425 for the personal loan remained inaccurate, as Defendants failed to correct the inaccuracy. In particular, Account ending in 8425 was now reported as "Account charged off. $1,613 written off. $1,613 past due as of Dec. 2020" with a current balance of "$1,613" to be reported until May 2027.

18. Experian did not notify Caprock of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Caprock and Caprock failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

19. If Caprock did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Caprock account would be updated to reflect exactly as Account ending in 8424 now does, with a status of "Discharged through Bankruptcy Chapter 7" with a balance of $0.00.

20. Caprock has promised through its subscriber agreements or contracts to accurately update accounts but Caprock has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this inaccurate information remaining on Plaintiff's credit report.

21. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and

Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Defendant Experian.

22. At all relevant times, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

26. Caprock is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

27. Caprock is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

28. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

29. Caprock failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

30. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's dispute concerning Account ending in 8425.

31. Experian failed to maintain and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

32. As a result of the aforementioned violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at trial.

33. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $40,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,            Dated: January 21, 2021

By: ***/s/ Carlos C. Alsina-Batista***
Carlos C. Alsina-Batista TX Bar #24111072
Wajda & Associates
5430 Lyndon B. Johnson Fwy, Suite 1200
Dallas, Texas 75240
(888) 213-0169 (phone)
(866) 286-8433 (fax)
nick@wajdalawgroup.com
Attorneys for Plaintiff, Kaidan J. Pack

7